UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-82-H

AARON CAMP                                                                                         PLAINTIFF

V.

SCOTT HAAS, et al.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On February 10, 2009, Aaron Camp filed a complaint against 49 Defendants alleging a variety of causes of action which arise from the medical care and treatment he received at the Kentucky State Reformatory. One of the Plaintiff's allegations is that Defendant, Dr. Frederick Kemen, "refused to approve reasonable and necessary medical treatment for the plaintiff, to take requested measures to alleviate or investigate plaintiff's suffering, and instead has chosen to humiliate abuse and degrade the plaintiff." Plaintiff has conceded that Dr. Kemen has not actively provided any health care to Plaintiff. Instead, Dr. Kemen served in an administrative role at the Kentucky State Reformatory. Plaintiff specifically indicated that his complaint against Dr. Kemen is based solely on three grievances which were filed in 2007 and 2008.

On April 8, 2009, Plaintiff agreed to dismiss claims against twelve (12) Defendants. On August 17, 2009, the Court dismissed claims against eight (8) others. Dr. Kemen has now moved for summary judgment.

I.

Congress has required that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit. The exhaustion provision of the Prisoner

Litigation Reform Act of 1995 ("PLRA") states as follows:

> No action shall be brought with respect to prison conditions under [42 USC Section 1983], or any other federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. Section 1997 e(a). This requirement allows prison officials the opportunity to resolve disputes concerning the exercise of their responsibilities before being hauled into court.

The Supreme Court previously held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 88 (2006). These procedural rules are not defined by the PLRA but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is what is required by the PLRA to "properly exhaust." *Jones v. Bock,* 549 U.S. 218 (2007). The level of detail necessary in a grievance to comply with the grievance system will vary from system to system and claim to claim but it is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion. *Id.*

Kentucky Corrections Department has adopted a policy governing inmates' grievances. This policy was last revised on May 14, 2008. Subsection J of policy 14.6 specifically defines the inmate grievance process. In pertinent part, subsection J(1)(a) states as follows:

> The grievance shall include all aspects of the issues and identify all individuals in the "brief statement of the problem" section of the written grievance. So that all problems concerning the issue or the individuals may be dealt with during step one. (Emphasis added).

The policy in place since May 14, 2008, required prisoners to specifically identify every individual with whom they have a grievance. The Supreme Court has held that grievance policies define what is required in order to properly exhaust an administrative grievance. The

rule is binding in this case. Thus, in order to file suit against Dr. Kemen, Camp would need to file a specific grievance listing him as a person with whom he had a grievance. As discussed, Plaintiff identified grievance numbers 07-363, 07-963 and 08-396 as the grievances in which he made a claim against Dr. Kemen. However, a review of these grievances reveals that Dr. Kemen was never identified in the first two grievances.

For the purposes of determining the applicable statutes of limitations in Section 1983 cases federal courts apply the most analogous statute of limitations from the state where the events giving rise to the claim occurred. *Cox v. Treadway*, 74 F.3d 230 (6th Cir. 1996). Civil rights actions arising in Kentucky must be filed within one year of the date the cause of action accrues. *Id.* Any claim based upon the first two grievances is barred by the statute of limitations.

## II.

No one disputes that Dr. Kemen was not Plaintiff's treating physician and did not provide any type of medical care or treatment to Plaintiff. No medical provider-patient relationship has existed between Mr. Camp and Dr. Kemen.

Plaintiff did file several grievances during his incarceration. On March 13, 2008, Plaintiff filed grievance 08-396. This grievance does not mention Dr. Kemen. Plaintiff's grievance states as follows:

> I find that my narcotic meds have been changed back and forth without my knowledge. I feel that this an attempt to corrupt/hinder my pain control. I also believe it is illegal to give me narcotics without my knowledge. Changes without my being told makes me feel as if I am sick or having mental problems. Again I believe this a harassment/retaliatory action to my legal action against KSR/corrections for improper medical care. Action requested: that I be told if there are any changes in my meds when they are made.

> That is what I see as harassment/retaliation against me for my legal actions against KSR/Corrections. (Exhibit 4, grievance 08-396)

The grievance appeal form that his grievance is actually directed at Dr. White and Dr. Duvall:

> Dr. White did change may meds starting on 1/23/08. I complained of increased pain and was told that my meds were unchanged. I continued to complain that my meds had been changed due to increased pain and withdrawal effect of a severe nature. Finally Dr. White changed my meds back to Loritab. (Exhibit 4, Grievance 08-396)

Dr. Kemen's only involvement in grievance 08-396 was to provide a written response on behalf of the Kentucky State Reformatory Medical Department. At no time did Plaintiff actually identify Dr. Kemen in regard to grievance number 08-396. Thus, this grievance cannot serve as a basis for filing suit against Dr. Kemen as it never mentions him as a person against whom Plaintiff has a grievance.

Regardless, it appears that Dr. Kemen is entitled to qualified immunity. Qualified immunity represents:

> An entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated a clearly established law. The entitlement is immunity from suit rather than a mere defense to liability; and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

The United States Supreme Court has established a two step test for determining the availability of qualified immunity as a defense: (1) the court must determine whether the 'facts alleged show the officer's conduct violated a constitutional right," and (2) whether that "right

4

was clearly established." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). A right is clearly established when it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right . . . [thus] in the light of pre-existing law the unlawfulness of the [official action] must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). As shown above, Plaintiff has not alleged a claim of constitutional dimensions, and therefore, this Defendant is entitled to qualified immunity.

Qualified immunity protects the decisions of officials that are objectively reasonable in light of existing legal precedent. This means that the "objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* at 639. "The contours of the legal right must be sufficiently clear that a reasonable official would understand that what he was doing violates that right." *Id.* at 640. To be clearly established law, there mut be binding precedent on the issue of the case. *Black v. Parke*, 4 F.3d 442, 445 (6th Cir. 1993). This Court cannot find legal precedent which suggests that a medical administrator can be liable for simply writing a response to a grievance pertaining to another provider. Accordingly, Dr. Kemen should be immune from suit based on such a unique claim.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion for summary judgment of Dr. Frederick Kemen is SUSTAINED and the claims against him are DISMISSED WITH PREJUDICE.

The remaining Defendants are Scott Haas (M.D.), John Rees (Department of Corrections Commissioner), Paige McGuire (Deputy Warden), Amy Robey (Assistant Unit Director), Charlie Brown (Treatment Officer), Ravonne Sims (Unit Director), Patrick Bowzer (R.N.), Steve Hiland (M.D.), Mazen Khayat (M.D.), Larry Chandler (Warden), Steve White (M.D.),

5

Vijavalkshmi Rao (M.D.), Dough Crall (M.D.), Donna Kirk (ARNP), Danny Holcomb (Unit Director), Charlie Donovan (Supervisor), Linda Dewitt (Deputy Warden), Don Green, Nancy Thompson, Zorre Kimura, Lucy Streitenburger, Pete Oldham (Deputy Warden), Tanya Young, Debra Judd, Janice Stanley, Barbara Hazelwood (Deputy Warden), David Donohue, Lodonna Thompson (Commissioner) and Christopher Kampschapher.

cc: Plaintiff
 Counsel of Record